# Third District Court of Appeal
## State of Florida

Opinion filed January 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1987
Lower Tribunal No. 24-003602PIC
_____

**Huy H. Tang and Dung D. Tran,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from State of Florida, Division of Administrative Hearings.

Law Group of South Florida, LLC, and Santino Ruiz, for appellants.

Shutts & Bowen LLP, and Ricky L. Polston and Daniel E. Nordby (Tallahassee); Shutts & Bowen, LLP, and Amy M. Wessel Jones (Fort Lauderdale), for appellee.

Before LOGUE, C.J., and SCALES and LINDSEY, JJ.

LOGUE, C.J.

Huy H. Tang and Dung D. Tran seek review of a nonfinal administrative

order regarding entitlement to arbitration. Specifically, they seek review of a

nonfinal administrative order denying their motion to dispense with arbitration. They are attempting to proceed under Rule 9.130 of the Florida Rules of Appellate Procedure. The issue before us is whether their filing in this Court should be treated as an appeal of a nonfinal order that determines "entitlement of a party to arbitration" under Rule 9.130(a)(3)(I) or as a petition for writ of certiorari seeking review of nonfinal agency action under Rule 9.100(c) of the Florida Rules of Appellate Procedure. Based on the following, we treat the filing as seeking review of nonfinal agency action under Rule 9.100(c).

At the outset, we note that a district court's jurisdiction to review nonfinal court orders flows from different headwaters than the jurisdiction to review nonfinal administrative orders. The district court's jurisdiction to review nonfinal orders of "trial courts" stems from the Florida Supreme Court's power to promulgate rules: "[A district court of appeal] may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court." Art. V, § 4(b)(1), Fla. Const. Rule 9.130 reflects the Florida Supreme Court's exercise of its power to grant jurisdiction over nonfinal trial court orders.

On the other hand, the district court's jurisdiction to review final or nonfinal administrative orders stems from the Legislature's power to enact

2

general laws: "District courts of appeal shall have the power of direct review of administrative action, as prescribed by general law." Art. V, § 4(b)(2), Fla. Const. The Legislature has enacted a general law authorizing review of certain nonfinal administrative orders. See § 120.68(1)(b), Fla. Stat. (2024) ("A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate remedy.").

With this distinction in mind, we turn to the rules. By its terms, Rule 9.130

> applies to appeals to the district courts of appeal of the nonfinal orders authorized herein and to appeals to the circuit court of nonfinal orders when provided by general law. Review of other nonfinal orders in such courts and nonfinal administrative action shall be by the method prescribed by rule 9.100.

Fla. R. App. P. 9.130(a)(1). The first sentence quoted above refers to nonfinal "orders" which is somewhat ambiguous as the term "order" can refer to both court and administrative orders. See Fla. R. App. P. 9.020(f). But the reference in the next sentence to "nonfinal orders in such courts" clarifies that the reference to orders in the first sentence is to judicial orders. Fla. R. App. P. 9.130(a)(1) (emphasis added). This reference is further clarified by the distinction made between "nonfinal orders in such courts" and "nonfinal

3

administrative action." Tracking the Constitution, the rule thus establishes two separate categories, with Rule 9.130 providing the method for review of nonfinal orders "in such courts" and Rule 9.100 providing the method for review of "nonfinal administrative action."

Turning to the order at issue, while it addresses "entitlement to arbitration," the order was entered by an administrative tribunal concerning arbitration in an administrative proceeding. Because it was entered by an administrative tribunal, not a court, review of the order proceeds under Rule 9.100. See Fla. R. App. P. 9.100(c)(3) (referring to "a petition to review nonfinal agency action under the Administrative Procedure Act"); Fla. R. App. P. 9.190(b)(2) ("Review of nonfinal agency action under the Administrative Procedure Act, including nonfinal action by an administrative law judge . . . must be commenced by filing a petition for review in accordance with rules 9.100(b) and (c).").

Accordingly, Tang and Tran are ordered to comply with the provisions of Rule 9.100, including, but not limited to, the filing of the petition and appendix within 20 days from the date of this opinion.